UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OMAYRA GONZALEZ,

                Plaintiff,

-against-

DANCI TEJADA JR.; WESTCHESTER
DISTRIC ATTORNEY; BERKSHIRE
HATHAWAY HOMESERVICES,

                Defendants.

23-CV-9027 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction and alleging that Defendants violated her rights. Named as Defendants are Danci Tejada Jr., whom Plaintiff describes as a "[g]ang leader"; the Westchester District Attorney[1]; and Berkshire Hathaway Homeservices ("Berkshire Hathaway"), which Plaintiff describes as a real estate agency. By order dated October 19, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint but grants Plaintiff 30 days' leave to replead a claim under the Fair Housing Act against Berkshire Hathaway.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

---

[1] In the complaint, Plaintiff also lists the "White Plains District Attorney" as a defendant. (*See* ECF 1, at 4.) Because the City of White Plains, which is located in Westchester County, does not have a district attorney, the Court understands Plaintiff to be suing the Westchester County District Attorney, whose office is located in White Plains.

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings her claims using the Court's general complaint form. She checks the box on the form to invoke the Court's federal question jurisdiction and, in response to the question on the form asking which of her federal constitutional or federal statutory rights were violated,

Plaintiff writes, "Protection and discrimination." (ECF 1, at 2.) She states that her claims arose in Dobbs Ferry and Ardsley, New York, on March 1, 2021. The facts section of the complaint states in full:

> A gang leader name Danci Tejada Jr. has been stalking and harm me, to kill me with a knife. I also have evidence that DMX rapper death was not accidental that this drug dealer did something to his drug because he had a problem with one of his songs. This gang leader is also responsible for the death of a toddler in a daycare name [D]ivino Nino, and White Plains District Attorney are decline to investigate any of this crimes that have left me without a home. After I try to find a home with real estate Berkshire Hathaway Homeservice but denied me to get an apartment because my son is Autism. District Attorney also are not investigating that this gang leader has police officers friends giving him tips and erasing any police report I have file.

(*Id.* at 5.)[2]

Plaintiff describes her injuries has having received "treatment for [a] blow on the head [and] scratches." (*Id.* at 6.)

Plaintiff seeks $127 billion in damages.

## DISCUSSION

**A.  Constitutional claims under 42 U.S.C. § 1983**

Because Plaintiff invokes the Court's federal question jurisdiction and asserts that Defendants discriminated against her, the Court construes the complaint as attempting to assert constitutional claims under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

---

[2] The Court quotes the complaint verbatim. All spelling, punctuation, and grammar are as in the original.

1. **Constitutional claims against Tejada and Berkshire Hathaway**

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants Tejada and Berkshire Hathaway are private parties who are not alleged to work for any state or other government body, the Court dismisses Plaintiff's Section 1983 claims against these defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

2. **Constitutional claims against the Westchester District Attorney**

Plaintiff appears to allege that the District Attorney's Office failed to investigate her complaints that Tejada and others have harmed her. Plaintiff's claims against the Westchester District Attorney's Office must be dismissed because municipal agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

In light of Plaintiff's *pro se* status, the Court construes the complaint as asserting claims against Westchester County. When a plaintiff sues a municipality under Section 1983, it is not

enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff alleges no facts suggesting that Westchester County has a policy, practice, or custom that has caused a violation of her constitutional rights. Moreover, to the extent Plaintiff is alleging that Westchester County violated her rights by failing to investigate her complaints, she cannot state a claim because the Constitution of the United States does not generally provide individuals with an affirmative right to an investigation of their claims by the government. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196-97 (1989) (holding that the Due Process Clauses "generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual"); *Bernstein v. New York*, 591 F. Supp. 2d 448, 460, 465 (S.D.N.Y. 2008) ("Courts within the Second Circuit have determined that there is no constitutional right to an investigation by government officials." (collecting cases)). The Court

therefore dismisses Plaintiff's claims against the Westchester District Attorney's Office for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Discrimination claims against Berkshire Hathaway**

Plaintiff's allegation that Berkshire Hathaway refused to rent her an apartment because her son has autism suggests she may be asserting a claim for discrimination under the Fair Housing Act ("FHA"). The FHA "broadly prohibits discrimination in housing." *Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 93 (1979). Among other things, it prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, . . . national origin," or disability. 42 U.S.C. § 3604(b), (f). "To demonstrate a disability under the FHA, a plaintiff must show: (1) 'a physical or mental impairment which substantially limits one or more . . . major life activities'; (2) 'a record of having such an impairment'; or (3) that he or she is 'regarded as having such an impairment.'" *See Rodriguez v. Vill. Green Realty, Inc.*, 788 F.3d 31, 40 (2d Cir. 2015) (quoting 42 U.S.C. § 3602(h)).

Generally, to state a claim of intentional discrimination under the FHA, a plaintiff must allege facts showing that he is "'a member of a protected class,' suffered relevant 'adverse' treatment, and 'can sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation.'" *Palmer v. Fannie Mae*, 755 F. App'x 43, 45 (2d Cir. 2018) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (emphasis in original, footnote omitted)). "'[A] plaintiff need only give plausible support to a minimal inference of discriminatory motivation' at the pleading stage." *Id.* at 45-46 (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015)). Thus, "a plaintiff may not need to prove

6

that her protected status was a but-for cause of the adverse action she suffered, but only a motivating factor." *Id.* at 46 (citing *Vega*, 801 F.3d at 86).

Here, Plaintiff does not allege sufficient facts to state a claim under the FHA. While Rule 8 of the Federal Rules of Civil Procedure

> does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Iqbal*, 556 U.S. at 678 (internal citations, quotation marks, and alternation omitted). Plaintiff's sole allegation relating to her housing is that Berkshire Hathaway denied her an apartment because her son has autism. Even if the Court assumes that Plaintiff's son's autism qualifies as a disability under the FHA, she provides no further details in support of her claim, such as where and when she applied for the apartment, or any facts explaining why she believes her son's autism was a motivating factor in Berkshire Hathaway's decision to deny her an apartment.[3] Without additional factual support, Plaintiff's single-sentence allegation is insufficient to suggest a "minimal inference of discriminatory motivation." *Vega*, 801 F.3d at 84.

---

[3] Plaintiff may not bring claims on behalf of her son because a nonlawyer parent ordinarily cannot represent a child's interests *pro se*. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action pro se in federal court on behalf of his or her child"). "In determining whether a non-attorney individual is attempting to bring an action on behalf of another, the 'threshold question' is 'whether a given matter is plaintiff's own case or one that belongs to another.'" *Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002) (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)). Because Plaintiff alleges that she was denied housing because of her son's disability the Court assumes, for the purposes of this order, that any FHA claim Plaintiff is attempting to assert belongs to her rather than to her son.

In light of Plaintiff's *pro se* status, the Court grants her 30 days leave to replead a viable FHA claim in an amended complaint. The amended complaint must include sufficient factual details to plausibly suggest that her son has a disability as defined by the FHA and that her son's disability was a motivating factor in Berkshire Hathaway's decision to deny her an apartment.

**C.    State law claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.    Leave to replead**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid FHA claim against Berkshire Hathaway, the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims. Plaintiff is granted leave to replead solely with respect to this claim. Any additional claims Plaintiff asserts will be summarily dismissed.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c).

The Court grants Plaintiff 30 days' leave to replead a claim under the Fair Housing Act against Berkshire Hathaway.

The Clerk of Court is directed to hold this action open on the docket until judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 2, 2024
         New York, New York

                                  /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                     Chief United States District Judge