UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMAYRA GONZALEZ,<br><br>                Plaintiff,<br><br>-against-<br><br>DANCI TEJADA JR.; WESTCHESTER DISTRIC ATTORNEY; BERKSHIRE HATHAWAY HOMESERVICES,<br><br>                Defendants. | 23-CV-9027 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Omayra Gonzalez brings this action *pro se* and *in forma pauperis* ("IFP"). Named Defendants are Danci Tejada, Jr., whom Plaintiff identifies as a "gang member"; the "White Plains District Attorney," which the Court understands to be the Westchester District Attorney's Office; and Berkshire Hathaway Home Services ("Berkshire Hathaway"), a real estate agency. (*See* ECF 1, at 4.) By order dated January 2, 2024, the Court dismissed the complaint but granted Plaintiff 30 days' leave to replead a claim under the Fair Housing Act ("FHA") against Defendant Berkshire Hathaway. On January 10, 2024, Plaintiff filed an amended complaint, which the Court has reviewed. The Court dismisses this action for the reasons set forth below.

## BACKGROUND AND DISCUSSION

      In her original complaint, Plaintiff alleged that Tejada was stalking her and had threatened her; the "White Plains District Attorney" declined to investigate Plaintiff's reports of criminal conduct; and Berkshire Hathaway denied her an apartment because her son has autism. (*See* ECF 1, at 5.) By order dated January 1, 2024, the Court dismissed Plaintiff's claims under 42 U.S.C. § 1983 against Tejada and Berkshire Hathaway for failure to state a claim on which

relief may be granted because, as private parties, they are not liable under Section 1983. (*See* ECF 7, at 3-4.) The Court construed Plaintiff's Section 1983 claims against the Westchester District Attorney's Office as asserted against Westchester County, and dismissed those claims for failure to state a claim on which relief may be granted.[1] (*See id.* at 4-6.) The Court construed Plaintiff's allegation that Berkshire Hathaway refused to rent her an apartment because her son has autism as an attempt to assert a claim for discrimination under the FHA. The Court held that Plaintiff's single-sentence allegation was insufficient to state an FHA claim, but granted her leave to replead her FHA claim in an amended complaint. The Court specifically instructed Plaintiff that her amended complaint "must include sufficient factual details to plausibly suggest that her son has a disability as defined by the FHA and that her son's disability was a motivating factor in Berkshire Hathaway's decision to deny her an apartment." (*Id.* at 8.) The Court granted Plaintiff leave to replead only her FHA claim and stated that any additional claims she asserts would be summarily dismissed.

Plaintiff's amended complaint is virtually identical to her original complaint. She again alleges that Tejada threatened her and that the Westchester District Attorney declined to investigate her complaints. With respect to Berkshire Hathaway, Plaintiff again alleges that it "declined to rent [her] the apartment because [her] son [has] Autism." (ECF 8, at 5.) Berkshire Hathaway "said [it] was going to help [her] to get a home and pay any fee and they never comply." (*Id.*)

---

[1] In addition to holding that Plaintiff failed to allege facts suggesting a claim for municipal liability under Section 1983, it also held that, to the extent Plaintiff was alleging that Westchester County violated her rights by failing to investigate her complaints, she could not state a claim because the Constitution does not generally provide individuals with an affirmative right to a government investigation of their claims. (*Id.* at 4-6.)

2

Plaintiff's amended complaint does not cure the deficiencies identified in the Court's January 2, 2024 order. She does not allege any additional facts suggesting that her son's autism qualifies as a disability under the FHA and that the disability was a motivating factor in Berkshire Hathaway's decision to deny her an apartment. Because the amended complaint is virtually identical to the original complaint, the Court dismisses the amended complaint for failure to state a claim on which relief may be granted for the reasons stated in its January 2, 2024 order.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   January 16, 2024
        New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge